IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-04-525 |
| | § | |
| JULIO CESAR GALINDO-NAVARETTE, | § | |
|     Defendant. | § | |

## ORDER

On August 1, 2005, the Clerk received from Defendant Julio Cesar Galindo-Navarette a motion titled as a "Motion for Appointment of Counsel to Regain the Right to Appeal." (D.E. 43). In it, Galindo-Navarette avers that he asked his court-appointed counsel to appeal from his conviction and sentence, and that his counsel failed to do so. He requests that the Court appoint him counsel so that counsel can: (1) file a § 2255 motion to regain his right to appeal; (2) perfect the appeal; and (3) keep him informed of the status of the case and communicate with him concerning his appeal. He further asserts that he is indigent and unable to afford counsel.

As an initial matter, the Court notes that Galindo-Navarette has no active proceedings before this Court warranting the appointment of counsel. Galindo-Navarette was convicted after a jury trial and was sentenced on January 26, 2005, and final judgment in his criminal case was entered against him on February 9, 2005. From the date of his arraignment through trial and sentencing, Galindo-Navarette was represented by retained counsel, Kenneth G. Botary.

In a docket entry dated February 1, 2005, the Court granted the *in forma pauperis* motion of Galindo-Navarette, and appointed Mr. Botary to represent him. Mr. Botary never filed a notice of appeal, and no appeal was ever docketed on Galindo-Navarette's behalf. Accordingly, there are no

active proceedings in his criminal case and he has not yet filed a motion pursuant to 28 U.S.C. § 2255.

Although Galindo-Navarette seeks counsel to assist him in filing a § 2255 motion, there is no constitutional right to counsel in § 2255 proceedings. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987)("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). There are certain situations in the course of § 2255 proceedings, in which the Court is required to appoint counsel. See, e.g., RULES GOVERNING § 2255 PROCEEDINGS 8(c) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery").

For the foregoing reasons, Galindo-Navarette's motion for appointment of counsel is DENIED without prejudice. If Galindo-Navarette files a § 2255 motion and an evidentiary hearing is ordered, or discovery warranting the appointment of counsel is required, the Court will *sua sponte* appoint counsel to assist Galindo-Navarette.

Additionally, Galindo-Navarette has asserted a claim that would typically be asserted in a § 2255 motion, i.e., that his counsel failed to appeal, despite the defendant's request that an appeal be filed and pursued. Galindo-Navarette's motion does not state that he intended his motion be a motion seeking relief pursuant to § 2255. Instead, he explains that he wants to file such a motion in the future. Particularly in light of the Supreme Court's recent decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe his current motion as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation,

then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). The Clerk is directed, however, to send the appropriate forms to Galindo-Navarette for filing such a motion.

Pursuant to the directives of Castro, Galindo-Navarette is advised that if he files a § 2255 motion asserting a claim of ineffective assistance of counsel for failing to appeal, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Galindo-Navarette will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[1] See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000) (discussing what constitutes a second or successive claim where a defendant's

---

[1] The pertinent portion of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

first § 2255 results in an out-of-time appeal).  Thus, any and all claims that Galindo-Navarette wishes the Court to consider should be asserted in any § 2255 motion he files.

## CONCLUSION

For the foregoing reasons, Galindo-Navarette's motion for appointment of counsel (D.E. 43) is DENIED WITHOUT PREJUDICE.  Additionally, the Clerk is directed to send blank § 2255 forms to Galindo-Navarette.

ORDERED this 7th day of September 2005.

_____
Janis Graham Jack
United States District Judge