**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | Cr. No. C-04-525 |
| JULIO CESAR GALINDO-NAVARRETTE,<br>Defendant. | §<br>§<br>§ | |

**ORDER CONSTRUING MOTIONS AS A 28 U.S.C. § 2255 MOTION,
ORDER FOR GOVERNMENT TO RESPOND, AND
ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR
APPOINTMENT OF COUNSEL AND FOR TRANSCRIPTS AND RECORDS**

Julio Cesar Galindo-Navarrette ("Galindo-Navarrette") was convicted after a jury trial and was sentenced by this Court on January 26, 2005. (D.E. 34, 39). Judgment was entered on February 9, 2005. (D.E. 41). Galindo-Navarrette did not appeal.

On August 1, 2005, the Clerk received from him a motion titled as a "Motion for Appointment of Counsel to Regain the Right to Appeal." (D.E. 43). In it, Galindo-Navarrette alleged that he asked his court-appointed counsel to appeal from his conviction and sentence, and that his counsel failed to do so. He requested that the Court appoint him counsel to assist him in filing a 28 U.S.C. § 2255 motion to regain his right to appeal.

By Order entered September 9, 2005, the Court denied his motion for appointment of counsel, noting that he had no active proceedings before the Court and that, in any event, a movant in § 2255 proceedings does not have a constitutional right to counsel and is entitled to counsel only if an evidentiary hearing is required, or under other limited circumstances. (D.E. 44). In the same order, the Court declined to construe Galindo-Navarrette's motion for appointment of counsel as a motion pursuant to 28 U.S.C. § 2255. The Court informed Galindo-Navarrette, however, that he could choose

to file a § 2255 motion, and also provided the warnings required by Castro v. United States, 540 U.S. 375 (2003). Finally, the Court directed the Clerk to send § 2255 forms to Galindo-Navarrette, which was done. According to the receipt received by the Clerk, Galindo-Navarrette received the Court's order and the blank § 2255 forms on September 12, 2005. (D.E. 45).

Shortly thereafter, on September 20, 2005, the Clerk received from Galindo-Navarrette a motion for reconsideration and a motion for transcripts and the complete file. (D.E. 46, 47). In those motions, Galindo-Navarrette requests again that the Court "allow" his direct appeal, but also indicates a continued desire to file a § 2255 motion. (See D.E. 46 at 1; D.E. 47 at 1). Additionally, in his motion to reconsider, Galindo-Navarrette "earnestly pleads with this Court to appoint the Federal Public Defender's office to file whatever is necessary to restore his appellate rights and to perfect his appeal." (D.E. 47 at 2). On May 22, 2006, the Clerk received from him a motion to recall the judgment, in which he reiterates his claim regarding his trial counsel's allege failure to appeal, asks again for the appointment of counsel, and requests that the Court reinstate his appeal. (D.E. 49).

As explained in the Court's September 8, 2005 Order, the only available avenue through which Galindo-Navarrette might possibly receive an out-of-time appeal is a § 2255 motion. (See D.E. 44 at 2-3). Accordingly, this Court will construe together his motion to reconsider and his motion to recall the judgment (D.E. 47, 49) as a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. The motion is deemed filed as of September 15, 2005, the earliest date Galindo-Navarrette could have submitted his motion for reconsideration to prison officials for mailing.[1] The Clerk

---

[1] The Clerk received Galindo-Navarrette's motion on September 20, 2005. It indicates that it was signed, however, on September 15, 2005. (D.E. 47 at 2). That is the earliest date it could have been delivered to prison authorities for filing, and it is thus deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid); United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

therefore is directed to docket the motion for reconsideration (D.E. 47) as a motion pursuant to 28 U.S.C. § 2255 and to assign a corresponding civil case number. This Order and docket entries 47 and 49 also shall be docketed in the civil case number.

Additionally, Galindo-Navarrette is hereby informed that if he wishes to add any additional grounds or claims to his motion, he must file those grounds within thirty days after the entry of this Order. The Clerk shall again send blank § 2255 forms to Galindo-Navarrette, but with the corresponding civil action number included. If Galindo-Navarrette does not return those completed forms to add any additional claims he might have in the current § 2255 proceedings, he may later be barred from brining those claims in any other § 2255 motion. (See D.E. 45 (discussing same)). If he files those forms, they will be considered a supplemental § 2255 motion and should be docketed in the same civil case.

The government is also ordered to respond to Galindo-Navarrette's initial claims, as well as any timely-filed supplemental claims, not later than sixty days after the entry of this Order. It is further ordered that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2005), Galindo-Navarrette may file a reply not later than thirty days after service of the government's answer.

Finally, as explained in the Court's earlier order, Galindo-Navarrette is not entitled to counsel for purposes of his § 2255 motion. (See D.E. 44). In the event that an evidentiary hearing is required, or if he is determined to be entitled to an out-of-time appeal, counsel will be appointed for him. His renewed request for counsel is therefore DENIED WITHOUT PREJUDICE. Similarly, his claim for

a copy of his file and for transcripts is DENIED WITHOUT PREJUDICE, because his sole claim at this time does not appear to require reference to any transcripts or other portions of the record. If Galindo-Navarrette files additional claims that would require reference to those items, or if the government's response relies upon portions of the record or transcripts not in his possession, the Court will consider a renewed request for transcripts or copies of the file.

**CONCLUSION**

For the foregoing reasons, Galindo-Navarrette's motion for reconsideration and motion to recall the judgment are hereby jointly construed as a motion pursuant to 28 U.S.C. § 2255, and the Clerk is directed to so docket Galindo-Navarrette's motion for reconsideration (D.E. 47). Additionally, the Clerk is directed to send blank § 2255 forms to Galindo-Navarrette, so that he might add any additional claims to his motion, and the government is ordered to respond to his motion as set forth above. Finally, Galindo-Navarrette's renewed request for appointment of counsel and his motion for transcripts and a copy of the complete file (D.E. 46) are DENIED WITHOUT PREJUDICE.

ORDERED this 3rd day of July 2006.

Janis Graham Jack
United States District Judge