# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-525 |
| | § | C.A. No. C-06-285 |
| JULIO CESAR GALINDO-NAVARRETTE, | § | |
| Defendant/Movant. | § | |

## ORDER GRANTING MOTION TO WITHDRAW

Julio Cesar Galindo-Navarrette ("Galindo-Navarrette") was convicted after a jury trial and was sentenced by this Court on January 26, 2005. (D.E. 34, 39). Judgment was entered on February 9, 2005. (D.E. 41). He did not appeal.

On August 1, 2005, the Clerk received from him a motion titled as a "Motion for Appointment of Counsel to Regain the Right to Appeal." (D.E. 43). In it, Galindo-Navarrette alleged that he asked his court-appointed counsel to appeal from his conviction and sentence, and that his counsel failed to do so. He requested that the Court appoint him counsel to assist him in filing a 28 U.S.C. § 2255 motion to regain his right to appeal.

By Order entered September 9, 2005, the Court denied his motion for appointment of counsel, noting that he had no active proceedings before the Court and that, in any event, a movant in § 2255 proceedings does not have a constitutional right to counsel and is entitled to counsel only if an evidentiary hearing is required, or under other limited circumstances. (D.E. 44). In the same order, the Court declined to construe Galindo-Navarrette's motion for appointment of counsel as a motion pursuant to 28 U.S.C. § 2255. The Court informed Galindo-Navarrette, however, that he could choose to file a § 2255 motion, and also provided the warnings required by Castro v. United States, 540 U.S.

375 (2003).  Finally, the Court directed the Clerk to send § 2255 forms to Galindo-Navarrette, which was done.  According to the receipt received by the Clerk, Galindo-Navarrette received the Court's order and the blank § 2255 forms on September 12, 2005. (D.E. 45).

Shortly thereafter, on September 20, 2005, the Clerk received from Galindo-Navarrette a motion for reconsideration and a motion for transcripts and the complete file.  (D.E. 46, 47).  In those motions, he requested again that he be appointed counsel and allowed to proceed on appeal.  On May 22, 2006, the Clerk received from him a motion to recall the judgment, in which he reiterated his claim regarding his trial counsel's allege failure to appeal, asks again for the appointment of counsel, and requests that the Court reinstate his appeal.  (D.E. 49).

By Order entered July 5, 2006, the Court informed Galindo-Navarrette that it intended to construe his September 20, 2005 Motion for Reconsideration and his Motion to Recall the Judgment (D.E. 47, 49) jointly as a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255, and deemed the motion filed as of September 15, 2005, the earliest date Galindo-Navarrette could have submitted his motion for reconsideration to prison officials for mailing.[1]

In the same Order, the Court again referred Galindo-Navarrette to its earlier order discussing the Castro warnings.  The Court noted again that the relief he sought – an out-of-time appeal – could be obtained only through pursuing a claim of ineffective assistance of counsel in a § 2255 motion.  Put differently, if he filed a § 2255 motion and the Court found that his attorney failed to file an appeal despite express instructions from Galindo-Navarrette to do so (as Galindo-Navarrette claims), then

---

[1] The Clerk received Galindo-Navarrette's motion on September 20, 2005.  It indicates that it was signed, however, on September 15, 2005.  (D.E. 47 at 2).  That is the earliest date it could have been delivered to prison authorities for filing, and it is thus deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid); United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

the Court could grant him an out-of-time direct appeal, and would appoint him counsel to represent him on appeal. That relief could only be obtained, however, through a § 2255 motion. That is why the Court indicated its intent to construe his motion as a § 2255 motion. Additionally, if he were to file a § 2255 motion at this point, it would almost certainly be time-barred. Thus, the Court was attempting to preserve and protect the rights of Galindo-Navarrette as a *pro se* litigant.

On July 21, 2006, however, the Clerk received from Galindo-Navarrette a document styled as a "Notice of Objection and the Withdrawal of The Motion to Recall the Judgment."[2] In it, he plainly states that he "objects to the Court's order which construed his motion as a 28 U.S.C. § 2255 motion. It is not petitioner's desire to file a 2255 motion." (D.E. 53 at 1). In light of his plain statement that he does not wish to file a § 2255 motion, his motion to withdraw is GRANTED and his Motion for Reconsideration (D.E. 47) and Motion to Recall the Judgment (D.E. 49) are not considered to be a § 2255 motion, but are instead considered withdrawn. Additionally, the Clerk is directed to administratively close the corresponding civil case, C.A. No. C-06-285, which was opened consistent with the Court's July 5, 2006 Order.

ORDERED this 11th day of August 2006.

_____
Janis Graham Jack
United States District Judge

---

[2] On the same date, the Clerk also received from Galindo-Navarrette a copy of a motion he submitted directly to the Fifth Circuit, in which he also requests that he be allowed to file an untimely appeal. (Docket No. 54). That document requests no relief from this Court.