IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-525 |
| | § | C.A. No. C-06-285 |
| JULIO CESAR GALINDO-NAVARRETTE, | § | |
|     Defendant/Movant. | § | |

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR DOCUMENTS AT GOVERNMENT EXPENSE AND ORDER DENYING AS MOOT MOTION TO PROCEED *IN FORMA PAUPERIS*

Pending before the Court are two motions by Defendant Julio Cesar Galindo-Navarrette ("Galindo-Navarrette"), both of which were received by the Clerk on July 3, 2007. (D.E. 57, 58). The first is a motion in which he requests copies of the transcripts in his case, copies of the "court's proceedings," his judgment and commitment, and "any other item reasonably necessary" for him to file a future motion under 28 U.S.C. § 2255. (D.E. 57 at 1.) The second is an application to proceed *in forma pauperis*, in which he provides financial information to show that he is indigent and unable to afford the copies. (D.E. 58.)

Galindo-Navarrette was convicted after a jury trial and was sentenced by this Court on January 26, 2005. (D.E. 34, 39). Judgment was entered on February 9, 2005. (D.E. 41). He did not appeal. He has since filed a number of post-conviction motions, and the procedural background and resolution of those motions is set forth in detail in the Court's August 11, 2006 Order. (D.E. 55.)[1] Notably, he does not currently have any substantive motions, including any § 2255 motions, pending before the Court.

---

[1] For purposes of the instant Order, familiarity with the Court's August 11, 2006 Order is assumed.

1

Galindo-Navarrette's *ifp* application, although incomplete, suggests that he is indigent. Nonetheless, even assuming that he could establish that he is indigent, an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Although Galindo-Navarrette claims to need the transcripts and documents in order to file a § 2255 motion, no such motion is pending before the Court. Accordingly, he fails to meet the statutory requirements for free transcripts. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). Similarly, as to Galindo-Navarrette's request for documents, he has no pending suit nor has he shown why he needs the remainder of the documents in his case.

Thus, to the extent Galindo-Navarrette is seeking documents and transcripts at government expense, his motion is DENIED WITHOUT PREJUDICE.

If Defendant is interested in receiving specific transcripts or documents at his own expense, he may contact the Clerk to request them. To that end, the Clerk is directed to provide Galindo-Navarrette with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts or to purchase copies of records. The Court further notes that Galindo-Navarrette is not precluded from filing a § 2255 motion merely because he does not have transcripts or other documents from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts.

As to his motion for *ifp* status, he has no pending motions before the Court and no filing fee is currently required. Accordingly, his motion to proceed *ifp* (D.E. 58) is DENIED AS MOOT.

## **CONCLUSION**

For the foregoing reasons, Galindo-Navarrette's motion for copies, documents and transcripts at government expense (D.E. 57) is DENIED WITHOUT PREJUDICE to his ability to request those documents again in the event that he has a pending action before the Court. Additionally, the Clerk is directed to provide Galindo-Navarrette with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts or to purchase copies of records.

Finally, Galindo-Navarrette's application to proceed *in forma pauperis* (D.E. 58) is DENIED AS MOOT.

ORDERED this 11th day of July, 2007.

_____
Janis Graham Jack
United States District Judge